UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SHORROCK and AMY SHORROCK,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 2:24-cv-2958 DC AC<br><br><br>ORDER |

This case is before the court on defendant's motion for reimbursement of fees and costs arising from plaintiffs' failure to appear at their properly noticed depositions. ECF No. 14. Plaintiffs filed an opposition in the form of a declaration by plaintiffs' counsel, R. Parker White. ECF No. 16. The matter was taken under submission and heard on the papers. ECF No. 15.

This dispute should not have required the court's involvement. It is undisputed that plaintiffs failed to appear for their properly noticed depositions on July 30, 2025 (Patrick Shorrock) and August 1, 2025 (Amy Shorrock). ECF No. 14-1 at 2. In opposing the motion for sanctions, Mr. White asserts that he joined his current law firm in January 2025 (seven months before the noticed depositions), and that the depositions were not recorded on his calendar. ECF No. 16 at 1-2. Mr. White has agreed to pay for the costs of missing the July 30, 2025 deposition, but not for the August 1, 2025 deposition because he asserts defendants should have called him

1

1  about the August 1ˢᵗ deposition when they realized the July 30ᵗʰ deposition had been missed.
2  Defense counsel did, in fact, email Mr. White on July 30ᵗʰ after the missed deposition to note the
3  non-appearance and asked him to confirm the deposition for the following day. ECF No. 14-1 at
4  3. Mr. White did not respond.
5        Mr. White argues, "When opposing counsel asked that I pay for both missed depositions, I
6  told her I would pay for the first but not the second and told her I couldn't understand why she
7  had not called me. She told me that she was not required to call. I know that we live in a
8  text/email world but each of those items can be missed in a busy day. It is not unreasonable to
9  expect a phone call. It would be the right thing to do in any event. Accordingly, I object to
10  paying for the second day deposition." ECF No. 16 at 2. This objection is without legal basis
11  and unacceptably seeks to shift responsibility for counsel's own inattention to his case calendar
12  onto defendants. Contrary to Mr. White's argument, it is indeed unreasonable to have expected a
13  phone call. Defense counsel had no obligation to remind plaintiffs' counsel of his
14  responsibilities, and the email was a courtesy which—had plaintiffs' counsel been paying
15  attention—could have saved both parties time and money.
16        The court may, on motion, impose sanctions for a party's failure to attend that party's
17  properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the
18  orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court
19  must require the party failing to act, the attorney advising that party, or both to pay the reasonable
20  expenses, including attorney's fees, caused by the failure, unless the failure was substantially
21  justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).
22  Here, the nonappearance was inarguably caused by plaintiffs' counsel's calendaring mistake, and
23  counsel's only argument against sanctions is that defense counsel should have called him to
24  remind him about the properly noticed second deposition. This argument plainly lacks merit; it is
25  of course counsel's obligation to manage his own calendar.
26        Defendants seek fees and costs arising from plaintiffs' failure to appear at their
27  depositions, and the costs of bringing the motion at bar, in an amount totaling $3,152.40. ECF
28  No. 14-1 at 6. Defense counsel submits a declaration substantiating the fees and costs. ECF No.

1  14-2 at 7-9.  The court agrees with defendants that no substantial justification exists for denying
2  the request.  Accordingly, the motion for sanctions (ECF No. 14) is GRANTED and plaintiffs'
3  counsel is ORDERED to personally pay defendants $3,142.40.  These sanctions must be paid
4  within 10 days of this order and not charged to his clients.
5      IT IS SO ORDERED.
6  DATED: October 30, 2025

  /s/ Allison Claire
  ALLISON CLAIRE
  UNITED STATES MAGISTRATE JUDGE